60173. EWALD v. THE STATE.

SOGNIER, Judge.
Ewald was convicted in the Superior Court of DeKalb County of aggravated assault. On appeal he contends the trial court erred (1) by allowing a witness to present hearsay testimony; (2) by admitting state evidence without first establishing a chain of custody; (3) by allowing the state to attack the character of appellant's wife, a defense witness; (4) by denying appellant's motion for mistrial, which was based on improper and prejudicial comments by the prosecuting attorney in his closing argument; and (5) by giving three improper charges to the jury.

1. About 1:30 a.m. on March 1, 1979 appellant stabbed a young man in a parking lot outside of Uncle Toms Tavern. Dewey Brown, a police sergeant, was sitting in a patrol car across the street and when he saw a large group of people in the parking lot fighting, he drove across the street to investigate. Brown testified that as he got out of his patrol car, people were yelling "He has a knife." A defense objection to this testimony on the ground that it was hearsay was

overruled, and Ewald contends this was error as he was denied his right to confront the witnesses against him in violation of the Sixth Amendment to the Constitution of the United States. (Code Ann. § 1-806).

The statements made by people yelling when Brown arrived on the scene were made while the fighting was going on and were part of one continuing transaction; as such the statements are admissible as part of the res gestae. Code Ann. § 38-305; *Haralson v. State,* 234 Ga. 406, 408 (3) (216 SE2d 304) (1975). "The constitutional right to confrontation does not require that all hearsay evidence be excluded from evidence in criminal cases. [Cits.] A witness testifying at trial subject to cross examination can testify as to what he has heard without violating the confrontation clause . . . The . . . statement was properly admitted as part of the res gestae, [cit.], and the admission of such evidence did not violate defendant's right of confrontation." *Littles v. Balkcom,* 245 Ga. 285, 286 (2) (264 SE2d 219) (1980). Thus, the trial court was correct in admitting Brown's testimony.

2. The shirt and trousers worn by the victim of the stabbing were admitted in evidence, and Ewald contends that a proper chain of custody was not established for admission of these items. However, the victim himself identified the shirt and trousers as those worn by him the night of the stabbing, and testified as to the condition of the shirt and trousers before and after the stabbing. Since it was not necessary to establish the chain of custody for these items of evidence, we find no error. Distinct physical objects which can be identified upon mere observation require no custodial proof for their admission. *Gray v. State,* 151 Ga. App. 684, 685 (2) (261 SE2d 402) (1979).

3. Appellant's wife, who was pregnant at the time of trial, testified and on cross-examination the prosecuting attorney asked if the baby she was carrying was appellant's child. Defense counsel objected on the ground of irrelevance and asked that the matter be taken up outside the presence of the jury. The court denied the request, but made no ruling on the objection. Appellant contends this was error, as it wrongfully attacked the witness' character and indirectly attacked appellant's character. Appellant cites no authority to support his contention. Further, no ruling was made on appellant's objection and this court has held that "[i]f no ruling is ever made on an objection it is deemed waived." *International &c. Local 387 v. Moore,* 149 Ga. App. 431, 434 (7) (254 SE2d 438) (1979).

4. Appellant contends the trial court erred in its handling of exculpatory material obtained by appellant through a Brady motion (Brady v. Maryland, 373 U. S. 83 (1963)). At the conclusion of the state's case appellant sought, and received, the prosecuting

attorney's file. The file indicated that the testimony of a state witness, Black, was inconsistent with a written pretrial statement Black made to police officials. Black had been excused as a witness after testifying and could not be located for further cross-examination as to his inconsistent statements. Appellant moved for a continuance until Black could be located; the court denied the motion and appellant contends this ruling was error. Code Ann. § 81-1419 provides that "[a]ll applications for continuances are addressed to the sound legal discretion of the court, and . . . shall be granted or refused as the ends of justice may require . . ." At trial Black testified that he had not struck appellant; appellant's counsel stated in his argument on the motion for a continuance that Black made a written pretrial statement to an investigator in which Black stated he *had* struck appellant prior to the time appellant stabbed the victim. Our Supreme Court has held that refusal to grant a continuance will not be disturbed unless there is a clear abuse of discretion. *Young v. State,* 237 Ga. 852, 855 (230 SE2d 287) (1976). In the instant case, an eyewitness testified that appellant stabbed the victim; Black testified that he did not know whether or not appellant stabbed the victim. Thus, even if Black's testimony was excluded completely, or if his testimony was impeached, it would have little, if any, impact on whether or not appellant committed an aggravated assault by stabbing the victim. Under these circumstances, we find no abuse of discretion in denying appellant's motion for a continuance.

5. Appellant contends that the cumulative effect of improper remarks by the prosecuting attorney in his closing argument required a mistrial and the trial court's denial of appellant's motion for a mistrial was error. During the course of the prosecuting attorney's closing argument appellant interposed six objections; three of the objections were overruled, two objections were sustained and when the final objection was made the prosecuting attorney agreed that his statement was incorrect, advised the jury it was incorrect and apologized to the jury for making the statement. Thus, our only concern is with the remarks made to which objections were overruled. An examination of the transcript shows clearly that the remarks objected to related directly to testimony presented during the trial; thus, the remarks were not improper, and we find no error in denial of the motion for a mistrial. The trial court has broad discretion in ruling on such a motion and this court will not disturb the ruling in the absence of a manifest abuse of discretion, and a mistrial is essential to preserve a defendant's right to a fair trial. *McCormick v. State,* 152 Ga. App. 14, 15 (2) (262 SE2d 173) (1979). Under the circumstances we find no abuse of discretion.

6. Appellant contends the trial court erred in refusing a request

to instruct on simple battery. However, there is absolutely no evidence to support such a charge. All of the state's evidence indicated that appellant stabbed the victim 11 times; the only defense evidence was to the effect that appellant did not even strike the victim, but was merely trying to separate the victim and another man who were fighting. The state's evidence established clearly that an aggravated assault occurred, and this court has held that "[w]here the evidence shows completion of the crime, it is not necessary for the court to charge on a lesser included offense." *Craighead v. State,* 126 Ga. App. 300, 302 (190 SE2d 606) (1972). "It is never error for a trial court to refuse to charge on a lesser included offense . . . when the evidence does not reasonably raise the issue that defendant may be only guilty of the lesser crime. [Cits.]" *Quick v. State,* 139 Ga. App. 440, 443 (5) (228 SE2d 592) (1976). Thus, the trial court did not err in refusing a request to charge on simple battery.

7. Appellant contends the following charges given by the court were erroneous. "Ladies and Gentlemen, I charge you that the acts of a person of sound mind and discretion are presumed to be the product of the person's will, but the presumption may be rebutted.

"Ladies and Gentlemen of the jury, I charge you a person of sound mind and discretion is presumed to intend the natural and probable consequences of his acts, but the presumption may be rebutted.

"Ladies and Gentlemen of the jury, I charge you a person will not be presumed to act with criminal intention, but the trier of fact, that is, you the jury may find such intention upon consideration of all the words, conduct, demeanor, motive, and all other circumstances connected with the act for which the accused is prosecuted."

The contention that the three charges recited above were erroneous has been decided adversely to appellant. *Tucker v. State,* 245 Ga. 68, 71 (263 SE2d 439) (1980).

*Judgment affirmed. Deen, C. J., and Birdsong, J., concur.*

SUBMITTED JULY 7, 1980 — DECIDED SEPTEMBER 24, 1980 —
REHEARING DENIED OCTOBER 10, 1980 —

*William M. Warner,* for appellant.
*M. Randall Peek, District Attorney, Garland B. Cook, Jr., Assistant District Attorney,* for appellee.