## 77842. ADAMS v. THE STATE.
(381 SE2d 69)

SOGNIER, Judge.

James Paul Adams appeals from his conviction on four counts of obtaining controlled substances by forgery and one count of attempting the same offense.

Construing it to support the verdict, the evidence at trial showed that Sabrina Thibodeau, appellant's twelve-year-old niece, was arrested at a pharmacy when the pharmacist became suspicious of the signature on a prescription Thibodeau had presented for Percocet, a controlled substance. Thibodeau gave a statement to the police implicating appellant and his wife, and on the basis of that statement appellant and his wife were arrested and indicted. Appellant's wife pled guilty to the charges against her and is not involved in this appeal. Testimony was presented from pharmacists at the drug store where Thibodeau was arrested that four other forged prescriptions had been presented within a period of one month, all for either Percocet or Percodan, controlled drugs, and all bearing the forged signature of Dr. Jack A. Brown, a local emergency room physician. Dr. Brown testified that the signature on the prescriptions was not his, that he had examined appellant twice at the hospital where he was employed on or near the dates appearing on the forged prescriptions, and that on one of those occasions he had prescribed Percocet. After presentation of a majority of the State's evidence, a continuance was granted because Sabrina Thibodeau could not be located. A lengthy investigation and interrogation of family members was conducted by the judge, who found that appellant's family was hiding the child, and that as she was unavailable to testify, her statement could be admitted into evidence.

In her statement given to the authorities, Thibodeau alleged that her uncle (appellant) and his wife had brought her to the pharmacy, given her eleven dollars in cash, and instructed her to fill the prescription, and to say it was for "Mary Ann Young." She stated she had "done this a bunch of times here [in Whitfield County] and in Gordon County." She thought she had taken as many as thirty pre-

scriptions to a particular drug store in Gordon County. She further described how her aunt and uncle visited hospitals and doctors and stole prescription blanks and ran off without paying for the visit, and where they took the prescriptions to be filled.

1. The evidence of record is such that the jury was authorized to convict appellant of the crimes charged under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant contends the trial court erred by admitting Thibodeau's statement into evidence because it was hearsay and its admission violated appellant's right to confront the witness. However, OCGA § 24-3-1 (b) provides that hearsay evidence is admitted in specified cases from necessity. In *Higgs v. State*, 256 Ga. 606 (351 SE2d 448) (1987), the Georgia Supreme Court, citing *Ohio v. Roberts*, 448 U. S. 56, 65 (100 SC 2531, 65 LE2d 597) (1980), held that the United States Supreme Court had "not interpreted 'confrontation' to signify the exclusion of every hearsay exception, and has provided [a] method to resolve confrontation challenges based on the admission of hearsay testimony: '. . . First, . . . the Sixth Amendment establishes a rule of necessity. In the usual case . . . the prosecution must either produce, or demonstrate the unavailability of, the declarant whose statement it wishes to use against the defendant. [Cits.] The second aspect operates once a witness is shown to be unavailable . . . . [O]nly hearsay marked with such trustworthiness that "there is no material departure from the reason of the general rule [may be admitted]." ' [Cit.]" *Higgs*, supra at 608-609 (7). See also *Swain v. C & S Bank of Albany*, 258 Ga. 547 (372 SE2d 423) (1988). We find that Thibodeau's statement meets these criteria as well.

The trial court made every effort to locate Thibodeau and obtain her attendance in court. The trial judge, after interrogating the child's (and appellant's) family, found that they were deliberately hiding the child, shifting her from place to place and lying to deputies and others, to prevent her from testifying. The trial was continued to secure Thibodeau's presence, and the child's grandmother, with whom the child had been living, was ordered to produce her. When she was not produced, the court held the child's grandmother in contempt, sentencing her to 10 days in jail. Not until all avenues were exhausted did the trial court allow the statement to be admitted into evidence. We find this effort satisfied the "necessity" requirement. Detective Leevan Kirk of the Whitfield County Sheriff's Department took Thibodeau's statement, and his testimony at trial established the voluntariness of Thibodeau's statement pursuant to the criteria set forth in *J. E. W. v. State*, 256 Ga. 464, 467 (2) (349 SE2d 713) (1986). Circumstantial guarantee of its trustworthiness, see *Chrysler Motors Corp. v. Davis*, 226 Ga. 221, 224, 226 (1) (173 SE2d 691) (1970), is

provided by the fact that Thibodeau gave her statement immediately after being apprehended, in the course of an official investigation; that Detective Kirk testified she never recanted or sought to change her statement; and that her statement recounts particulars later corroborated by other evidence. See generally *Higgs*, supra at 608 (5). Accordingly, the trial court did not err by admitting the statement into evidence.

3. Appellant maintains the trial court erred by failing to grant his motion for a directed verdict of acquittal because no evidence was adduced to corroborate the statement of Thibodeau, who was an accomplice. We find no merit in this enumeration. "Acknowledging that corroboration of the testimony by a single accomplice is necessary, OCGA § 24-4-8, our courts have held that the corroborating evidence itself need not be sufficient to warrant conviction, but only tend to connect and identify defendant with [the] crime. [Cit.] 'Slight evidence from an extraneous source identifying the accused as a participant in the criminal act is sufficient corroboration of the accomplice to support a verdict.' [Cits.]" *Inman v. State*, 182 Ga. App. 209 (355 SE2d 119) (1987). " 'The sufficiency of the corroboration of the testimony of the accomplice to produce conviction of the defendant's guilt is peculiarly a matter for the jury to determine. If the verdict is founded on slight evidence of corroboration connecting the defendant with the crime, it can not be said as a matter of law, that the verdict is contrary to the evidence. [Cits.]' [Cit.]" *Cole v. State*, 156 Ga. App. 288, 289-290 (1) (274 SE2d 685) (1980).

In addition to the testimony of Dr. Brown, which showed both access to the prescription blanks and familiarity with both the doctor's signature and the drug and dosage, evidence that appellant engaged in other, similar transactions was admitted. Barbara Adams Voyles, Thibodeau's mother and the sister of appellant, testified that she was on probation for obtaining controlled substances with forged prescriptions, and that it was appellant who gave her the forged prescriptions and told her to have them filled. We find that this was sufficient corroboration to authorize the jury to convict the appellant of the crimes charged.

4. Appellant also enumerates as error the admission of Voyles's testimony. Appellant first argues that it was error to admit her testimony on the basis that the transactions were not similar because in the crimes charged a child has passed the prescription, whereas in the transaction testified to by Voyles an adult had the prescription filled. While that is true, we find that other similarities outweigh that distinction. In both cases, a third person was used to pass the prescription, the prescription was forged, and the drug for which the prescriptions were written was the same. In addition, the prescriptions in both cases were made out to someone other than the individual pass-

ing the prescription and the person passing the prescription was a member of appellant's family who said she received it from appellant. We find "sufficient similarity or connection between the independent crime and the offense charged, that proof of the former tends to prove the latter. [Cits.]" *French v. State*, 237 Ga. 620, 621 (229 SE2d 410) (1976).

Appellant also argues that the State's motion to admit evidence of similar transactions was not made until four days after the jury was empanelled, and thus was not in compliance with Uniform Superior Court Rule 31.1. "Although Rule 31.1 requires the notice to be filed at least 10 days before trial, it also provides the time may be either shortened or lengthened by the judge. [Cit.] We interpret this as clothing the trial court with discretion which will not be controlled absent abuse." *Hall v. State*, 181 Ga. App. 92, 93 (1) (b) (351 SE2d 236) (1986). Here, the reason the motion was made late was that the State did not learn of the existence of the similar transaction in question until the continuance caused by the disappearance of Sabrina Thibodeau. We find appellant was not prejudiced by the lateness of the motion, as he produced one of the witnesses he stated he needed to respond to this evidence. The other witness appellant desired to call in response to Voyles's testimony was appellant's brother, who had been in court previously and who the trial court found could have returned. There was ample basis for shortening the time, and we find no abuse of the trial court's discretion.

*Judgment affirmed. Carley, C. J., and Deen, P. J., concur.*

DECIDED MARCH 8, 1989 —
REHEARING DENIED MARCH 23, 1989.

*James E. Toland, Jr.,* for appellant.
*Jack O. Partain III, District Attorney, Todd L. Ray, Assistant District Attorney,* for appellee.