## A90A2369. ROBINSON v. THE STATE.
### (399 SE2d 94)

DEEN, Presiding Judge.

Matthew Robinson was convicted of armed robbery and aggravated assault, but the trial judge merged the aggravated assault count into the armed robbery count at sentencing. On appeal Robinson contends that the trial court erred in denying his motion in limine because evidence of an unrelated crime which placed his character in issue was improperly admitted, and that the trial court erred in overruling his objection to certain hearsay testimony.

1. The seventy-four-year-old victim was beaten and robbed after he answered the doorbell of his residence/boardinghouse. He allowed the perpetrator into his residence because he recognized him from the neighborhood and believed that he wanted to purchase some items from his snack shop, which was located on the premises. After the assault the victim telephoned his daughter and asked her to come to his assistance. When she saw that he was bleeding from a head wound, she drove him to the hospital for treatment. The victim

claims that he told his daughter that "Matthew" attacked him, and the daughter confirmed his testimony at trial. The victim apparently did not identify his attacker by name to the investigating police officer, as he could not recall his last name, and no arrest was made in the case. Almost one month later appellant was arrested on a burglary charge. The victim who took out the arrest warrant also informed the investigating officers that she knew of an incident where Robinson struck an elderly gentlemen over the head with a hammer and robbed him. The officers asked her to bring the old man to the patrol car. She brought him to the officers, they asked him if he could identify the person who assaulted him, and he responded that he could. An officer then took him over to the patrol car, and he immediately identified Robinson as the individual who struck and robbed him.

Appellant's contention that the circumstances of his arrest were inadmissible is without merit. " '[A]ll the circumstances connected with the arrest, . . . we consider proper evidence to be submitted to the jury to be weighed by them for what they are worth.' [Cits.]" *Cargill v. State*, 255 Ga. 616, 640 (340 SE2d 891) (1986). It was therefore not error to deny appellant's motion in limine and allow the evidence to be admitted.

2. The victim's identification of "Matthew" to his daughter as his attacker was properly admitted as res gestae evidence. Under OCGA § 24-3-3, "[d]eclarations accompanying an act, or so nearly connected therewith in time as to be free from all suspicion of device or afterthought, shall be admissible in evidence as part of the *res gestae*." Such evidence should be admitted if it is relevant and made without premeditation. *Andrews v. State*, 249 Ga. 223, 225 (290 SE2d 71) (1982). A trial judge's determination that evidence is admissible as part of the res gestae will not be disturbed unless it is clearly erroneous. Id. at 228. We find no error.

*Judgment affirmed. Pope and Beasley, JJ., concur.*

DECIDED NOVEMBER 15, 1990.

*Jonathan Goldberg*, for appellant.
*Lewis R. Slaton, District Attorney*, for appellee.

