A93A2204. BARNETT v. THE STATE.
(440 SE2d 247)

BEASLEY, Presiding Judge.

Barnett appeals from his conviction for carrying a concealed weapon, OCGA § 16-11-126 (a), carrying a pistol without a license, OCGA § 16-11-128 (a), carrying a pistol at a public gathering, OCGA § 16-11-127 (a), discharging a firearm near a public highway, OCGA § 16-11-103, and reckless conduct, OCGA § 16-5-60 (b). His motion for new trial was denied. The sole enumeration of error is the admission of certain testimony under the res gestae exception to the hearsay rule.

Two uniformed off-duty deputy sheriffs were working in the parking lot of a tavern at the 2:00 a.m. closing time. The first officer testified that he heard three gunshots but was not in a position to see a gun being fired. Both officers drew their revolvers and proceeded to a position at the top of a hill from which they could see appellant and observed him place a dark object in his waistband. They approached appellant and ordered him to get on the ground, but he instead began moving toward a parked car. An employee of the tavern came up be-

hind appellant and pushed him against a parked car while the deputies closed in. Appellant reached back for his waistband and the officers ordered him not to pull the gun. The employee grabbed appellant's arm. As they struggled a gun fell from appellant's waistband onto the ground. Appellant was subdued and the gun, from which three bullets had been fired, was retrieved.

A deputy characterized the bystanders in the parking lot as having been in an excited state: "[T]here's a lot of commotion going on in the parking lot. People are irate because . . . they've been shot at. . . . [W]e had a potential riot situation on our hands." He testified that before the officers even reached appellant, "you could hear the people hollering and screaming that they'd been shot at." The second deputy testified that within 30 seconds after he heard the gunshots, a group of approximately a dozen people ran past the officers shouting in an excited fashion, "he's got a gun," while pointing to appellant. The testimony was ruled admissible over appellant's hearsay objection, as part of the res gestae exception to the hearsay rule.

Such a determination will not be disturbed unless clearly erroneous. *Robinson v. State*, 197 Ga. App. 600 (399 SE2d 94) (1990).

Appellant's claim of error is couched only in federal constitutional terms, and only on the basis that *Ohio v. Roberts*, 448 U. S. 56, 63 (100 SC 2531, 65 LE2d 597) (1980), mandates a showing by the prosecution that the hearsay declarants were unavailable to testify. In the absence of such a showing, he contends that admission of the hearsay evidence violated the Confrontation Clause of the Sixth Amendment. However, the Supreme Court more recently rejected such an expansive reading of the Confrontation Clause in *United States v. Inadi*, 475 U. S. 387 (106 SC 1121, 89 LE2d 390) (1986), and *White v. Illinois*, ___ U. S. ___ (112 SC 736, 116 LE2d 848) (1992).

In *White*, the Court rejected the concept that the Confrontation Clause requires either production of the witness or a showing of his nonavailability before testimony can be admitted under either the "spontaneous declaration" or "medical examination" exceptions to the hearsay rule. The Court reasoned: "[W]here proffered hearsay has sufficient guarantees of reliability to come within a firmly rooted exception to the hearsay rule, the Confrontation Clause is satisfied. . . . [A] statement that qualifies for admission under a 'firmly rooted' hearsay exception is so trustworthy that adversarial testing can be expected to add little to its reliability. [Cit.] . . . [E]stablishing a generally applicable unavailability rule would have few practical benefits while imposing pointless litigation costs. . . . We therefore see no basis in Roberts or Inadi for excluding from trial, under the aegis of the Confrontation Clause, evidence embraced within such exceptions to the hearsay rule as those for spontaneous declarations and statements made for medical treatment." 116 LE2d at 859-860.

Appellant does not contend that the declarations lack the spontaneity or other indicia of trustworthiness necessary to fall within the res gestae exception. See OCGA § 24-3-3. See generally *Wallace v. State*, 151 Ga. App. 171 (259 SE2d 172) (1979). His sole complaint, that the witnesses were not shown to be unavailable, is without merit. Accord *Ewald v. State*, 156 Ga. App. 68 (1) (274 SE2d 31) (1980).

*Judgment affirmed. Cooper and Smith, JJ., concur.*

DECIDED JANUARY 12, 1994.

*James W. Smith*, for appellant.

*Harry N. Gordon, District Attorney, Gerald W. Brown, Richard L. Dickson, Assistant District Attorneys*, for appellee.

