A94A1247. WILBOURNE v. THE STATE.
(448 SE2d 37)

BIRDSONG, Presiding Judge.

James Stanton Wilbourne appeals his conviction of two counts of simple battery and one count of battery. The conviction was by the trial court sitting without a jury.

Appellant was arrested after he and Cheryl Bartimore got in a fight at appellant's house. Only two witnesses testified: the arresting officer and appellant. Appellant testified that he and Bartimore had been drinking; that Bartimore started the fight at about 4:00 p.m. by hitting him on the head and throwing an ashtray; that Bartimore was a "fighter," he tried to restrain her from tearing up the house, and they "wrestled."

The police officer testified that she responded to a third-party complaint at 7:36 p.m. on that day; Cheryl Bartimore was sitting on the front porch steps; Bartimore was visibly upset and had been drinking, she had a fresh bruise under her left eye and bruises on her arms, and her blouse was ripped; she told the officer appellant struck her and beat her head against the kitchen floor. The officer testified Bartimore said she never hit appellant; the officer believed Bartimore because Bartimore is a very small, thin woman and the officer saw no marks on appellant. The State concedes the interval between the fight and the officer's arrival was, at the most, three-and-one-half hours.

Bartimore's absence from trial was unexplained. Appellant ob-

jected to the officer's testimony about what Bartimore told her, as hearsay. The trial court admitted the evidence as res gestae. On appeal, appellant contends the trial court erred in admitting hearsay and that the evidence is insufficient to support the verdict. *Held*:

1. Obviously a criminal conviction does not depend upon the victim's presence at trial. The question is whether the officer was properly allowed to testify as to what Bartimore told her up to three-and-one-half hours after the fight, under the res gestae exception (OCGA § 24-3-3); if not, the officer's testimony as to what Bartimore told her is hearsay (OCGA § 24-3-1 (a)), in which case it could only be admitted from necessity. OCGA § 24-3-1 (b).

The trial court erred in admitting this evidence as part of the res gestae exception.

The determination whether evidence is res gestae is in the discretion of the trial court, but the correct rule to be followed by the trial court is that the *declaration* must be "undeniably 'free from *all* suspicion of device or afterthought.'" (Emphasis supplied.) *Andrews v. State*, 249 Ga. 223, 227-228 (290 SE2d 71); OCGA § 24-3-3. On appeal, the question is whether the factfinder would be authorized to believe the declarations were "made without premeditation or artifice, and without a view to the consequences." Id. at 227 and 225, quoting *Hart v. Powell*, 18 Ga. 635.

Res gestae declarations are those "accompanying an act, or so nearly connected therewith in time as to be free from all suspicion of device or afterthought." OCGA § 24-3-3. Res gestae evidence is usually contemporaneous to the act (see *Gaines v. State*, 232 Ga. 727 (208 SE2d 798)), but the length of time between the event and the declaration is not conclusive. When evidence is part of the res gestae, its value comes from the fact that it is "free from all suspicion of device or afterthought" of the *declarant*. OCGA § 24-3-3; *Barnett v. State*, 211 Ga. App. 651 (440 SE2d 247); *Robinson v. State*, 197 Ga. App. 600 (399 SE2d 94); *Shortes v. State*, 193 Ga. App. 859 (389 SE2d 354); *T. G. & Y. Stores Co. v. Waters*, 175 Ga. App. 884 (334 SE2d 910); *Nasworthy v. State*, 169 Ga. App. 603 (314 SE2d 446). Res gestae is admitted based on its nature and quality as being so spontaneous or so connected to the act as to be inherently reliable. OCGA § 24-3-3.

The declarations of Bartimore were not part of the res gestae. The only evidence as to the time of the fight was given by appellant, who placed the fight at about three-and-one-half hours before the officer arrived. When the officer arrived, Bartimore was not in the house or at the scene of the fight; she was outside, sitting on the front porch steps. She was upset and had been drinking, but she was not in such a state that her utterances bore a "special trustworthiness" (*Godfrey v. State*, 187 Ga. App. 319, 320 (370 SE2d 183)); they assuredly were not

"[d]eclarations accompanying an act, or so nearly connected therewith in time" (OCGA § 24-3-3) or clothed with such other spontaneity or reliability as to be "undeniably 'free from all suspicion of device or afterthought.'" *Andrews*, supra at 227.

This evidence was created hours after the occurrence and bears no mark of "spontaneity" or other such state of mind undeniably free of conscious device or afterthought (id.; see *Godfrey*, supra); it is not admissible as res gestae.

2. The officer's report of what Bartimore told her is pure hearsay; it does not derive its value solely from the credit of the witness (the officer) "but rests mainly on the veracity and competency of other persons, [Cheryl Bartimore]." OCGA § 24-3-1 (a). Such hearsay is admissible only in specified cases *"from necessity."* (Emphasis supplied.) OCGA § 24-3-1 (b). The State must show "necessity" to admit hearsay, to wit, that the declarant is unavailable to testify and that it made reasonable efforts to locate the declarant and secure her presence. *Patterson v. State*, 202 Ga. App. 440, 443 (414 SE2d 895); *Adams v. State*, 191 Ga. App. 16 (2) (381 SE2d 69). This is a statutory adjuration. OCGA § 24-3-1 (b). The two underlying reasons for any exception to the hearsay rule are, *first*, a necessity for the exception and, *second*, a "circumstantial guarantee" of the trustworthiness of the evidence. *Higgs v. State*, 256 Ga. 606, 607 (3), 608-609 (7) (351 SE2d 448). The second aspect operates only after a witness is shown to be unavailable. *Adams*, supra.

The State contends the officer's hearsay evidence is admissible without a showing that Bartimore was unavailable, under a new rule stated in *Barnett*, supra. *Barnett* never made such a rule. In *Barnett*, two police officers were in a tavern parking lot; one officer heard three shots and both officers saw Barnett put what turned out to be a gun in his waistband. The alleged hearsay was testimony by the officers that they heard people "hollering and screaming that they'd been shot at" and that about a dozen people ran past, shouting "he's got a gun." Id. at 652. We held that these spontaneous, contemporaneous utterances were res gestae. See similarly *Ewald v. State*, 156 Ga. App. 68 (1) (274 SE2d 31). In fact, Barnett did not contend the declarations "lack[ed] the spontaneity or other indicia of trustworthiness necessary to fall within the res gestae exception." *Barnett*, supra at 653. Although that evidence was res gestae, Barnett (similarly to the confused arguments made in this case) contended the evidence was mere hearsay and that he was denied his right to confront the declarants because the State did not show they were unavailable to testify. We quoted portions of *White v. Illinois*, ＿＿ U. S. ＿＿ (112 SC 736, 116 LE2d 848) which the State now contends amount to a new rule admitting hearsay without a showing of "necessity" so long as there is sufficient "spontaneity" and "reliability" in the hearsay. The State

has misinterpreted both *Barnett* and *White v. Illinois*. The evidence in *Barnett* was res gestae evidence, which under Georgia law is an exception to the hearsay exclusion. OCGA § 24-3-3. Georgia law has never required proof of unavailability of the declarant to admit res gestae; *Barnett*, relying on *White v. Illinois*, merely held that neither does the United States Constitution. *White v. Illinois* addressed an argument that a four-year-old child's spontaneous declarations about sexual abuse could not be received without producing the declarant at trial or showing that the declarant is unavailable; such a requirement (like the res gestae requirements) exists in Georgia law independent of the hearsay statutes. See OCGA § 24-3-16. In fact, what the United States Supreme Court described as evidence " 'so trustworthy that adversarial testing can be expected to add little to its reliability' " (*Barnett* at 652; *White v. Illinois*, 116 LE2d at 860) is evidence which by virtue of its spontaneity derives its value from *the declarant*; such evidence is admissible as res gestae evidence in Georgia law. OCGA § 24-3-3; see Division 1, supra. *Barnett* involved res gestae; it did not create a new rule making "hearsay" (contrary to OCGA § 24-3-1) admissible without proof of "necessity" because it is "spontaneous" and "reliable." It is misleading to talk about *Barnett* as if it involved hearsay.

3. The conviction based on hearsay of what the declarant Cheryl Bartimore said and did is not supported by sufficient evidence under the standard stated in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). Aside from the hearsay of what Bartimore told the officer, the evidence in the case — that the officer did not see any marks on appellant and that Bartimore was a very small and thin woman and was very upset and bore marks and bruises — is ambiguous and is not inconsistent with appellant's testimony that Bartimore started and carried on the fight and that they "wrestled."

*Judgment reversed. Blackburn, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED AUGUST 4, 1994.

*H. Darrell Greene*, for appellant.
*Ben F. Smith, Jr., Solicitor, Mark A. Basurto, Barry E. Morgan, Assistant Solicitors*, for appellee.