A94A2353. TURNER v. THE STATE.
(456 SE2d 241)

RUFFIN, Judge.

Sharon Turner was convicted of sale of cocaine and attempted sale of cocaine and appeals from the judgment of conviction and sentence.

The evidence showed that undercover narcotics investigators, Walker and Ponder, began an investigation after receiving information that an individual, later identified as Phyllis White, was selling cocaine. White is Sharon Turner's sister. Investigator Walker contacted White and told her he wanted to buy a quantity of cocaine. Walker testified that when he met White at her apartment complex she was accompanied by another woman, later identified as Sharon Turner. White and Turner entered Walker's car, and Walker and White then began negotiating the purchase of the cocaine. Walker gave White the money to purchase the cocaine, and while Turner remained in the car with Walker, White left to make the purchase. Walker testified that White was gone for a long time and that when he began to show concern and question Turner about where her sister was, Turner reassured him he would get "real good dope," that they did not want to "rip [him] off . . . because they wanted [his] return business" and that she and her sister knew "how to do business." When White returned to the car the sale was consummated.

The investigators subsequently arranged another purchase in order to apprehend White's supplier. Walker testified that on this occasion, Turner met him at the door, told him that White would arrive shortly, and then walked with him to his car. Such was corroborated by Turner's testimony. Turner also testified that Walker asked her if he could see the drugs before purchasing them, and she responded that he would have to discuss that with White. Walker testified that Turner remained in his car while they waited for White to appear and that Turner told him the same supplier was bringing the cocaine but that he would not be able to see the cocaine before purchasing it because the supplier wanted his money first. When the supplier arrived, he, White and Turner were arrested.

1. Turner contends there was insufficient evidence to support the convictions because mere presence at the scene and suspicion, no matter how grave, are not enough to warrant a conviction. The State attempted to prove that Turner aided and abetted the sale, primarily by remaining in the car with Walker as "human collateral" until White returned with the drugs. "The jury was instructed regarding parties to a crime, OCGA § 16-2-20, and we find the [foregoing] evidence presented at trial . . . sufficient to have authorized the jury to find [Turner] guilty of being a party to the sale of cocaine. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). [Cit.]" *Stevens v. State*, 210 Ga. App. 355 (1) (436 SE2d 82) (1993). This enumeration is without merit.

2. Prior to Turner's trial, White contacted Turner's attorney and told him that Turner had no involvement in the incident and that White wanted to so testify at Turner's trial. At trial, the court had a hearing outside the presence of the jury to review White's proposed testimony, determine if it would be incriminating in her own pending trial, and learn whether White intended to invoke the Fifth Amendment and refuse to testify as advised by her attorney. During the hearing White testified that she brought Turner with her to the first meeting with Investigator Walker for "protection purposes," that Turner was there only at White's request, and that she did not tell Turner the nature of the meeting. White also testified that she had no agreement with Turner to sell the cocaine on either occasion and that Turner had nothing to do with the negotiations regarding price that took place in the car. White then invoked the Fifth Amendment and declined to answer any more questions which might incriminate her.

Due to White's refusal to testify further, Turner's attorney made a proffer as to the content of his conversations with White during the previous five months regarding Turner's lack of involvement. The essence of the proffered testimony was that Turner simply had knowledge of the sale but did not participate in any respect. Turner's attorney then simultaneously moved for a mistrial and to withdraw as

counsel because he was now a potential witness for Turner by virtue of White's refusal to testify. Both motions were denied.

Turner contends the trial court erred in denying the motions and in preventing White from testifying. She combined these enumerations for the purpose of argument, and they will likewise be treated together here as a challenge to the trial court's denial of the motion for a mistrial and its ruling that Turner's attorney could not testify as to his conversation with White because such testimony would be inadmissible hearsay. At the outset, we note that there is no evidence that the trial court prevented White from testifying. To the contrary, the record is abundantly clear that she invoked the Fifth Amendment and stated several times that she did not wish to incriminate herself.

Nor do we agree that the trial court erred with respect to its ruling on the proffered testimony. "The two underlying reasons for any exception to the hearsay rule are a necessity for the exception and a circumstantial guaranty of the trustworthiness of the offered evidence — that is, there must be something present which the law considers a substitute for the oath of the declarant and his cross examination by the party against whom the hearsay is offered." (Citations, punctuation and emphasis omitted.) *Chrysler Motors Corp. v. Davis*, 226 Ga. 221, 224 (1) (173 SE2d 691) (1970); *Higgs v. State*, 256 Ga. 606, 607 (3) (351 SE2d 448) (1987). Assuming without deciding that White was "unavailable" by virtue of the fact that she could not be compelled to testify and incriminate herself, see *Glisson v. State*, 188 Ga. App. 152 (2) (372 SE2d 462) (1988), we turn to whether there was a circumstantial guarantee of trustworthiness of the evidence. See *Wilbourne v. State*, 214 Ga. App. 371 (2) (448 SE2d 37) (1994).

In *Higgs*, supra, the trial court admitted the testimony of a detective concerning a statement implicating the defendant which was given to him by the defendant's wife. The wife was unavailable to testify by virtue of having invoked her marital privilege not to testify against her husband. We upheld the admission of the testimony, finding the statement to be trustworthy because, inter alia, the declarant consulted with her attorney before giving the statement; it was given within hours of the killing in question in the course of an official investigation; and the declarant never disavowed the statement. Id. at 608. In *Adams v. State*, 191 Ga. App. 16 (381 SE2d 69) (1989), an unavailable witness who had been arrested during the subject incident gave a statement to a detective which implicated the defendant. We similarly upheld the admission of the detective's testimony about the statement, finding a circumstantial guarantee of trustworthiness in the statement because it was given to the detective immediately after the declarant was arrested, in the course of an official investigation, and the declarant never sought to recant the statement and the statement recounted facts later corroborated by other evidence. Id. at

17-18. Likewise, in *Jackson v. State*, 202 Ga. App. 582 (414 SE2d 905) (1992), we found that the statement of an unavailable witness had a "particularized guarantee of trustworthiness" because it was given shortly after the event in question occurred, in the course of an official investigation and because the declarant never attempted to retract the statement. Id. at 986.

Unlike the declarants in *Higgs, Adams* and *Jackson,* supra, however, White did not give her "statement" to Turner's attorney immediately after she and Turner were arrested, but rather, waited until one week after Turner's preliminary hearing on the matter. Nor was the statement given in the course of an official investigation. While we are not prepared to state that these factors are absolute prerequisites to evidence in such situations being deemed trustworthy, they are nonetheless significant indicia which would have made the statement so trustworthy and free from afterthought that cross-examination could be expected to add little to its reliability. See *Barnett v. State*, 211 Ga. App. 651, 652 (440 SE2d 247) (1994). The indicia of trustworthiness must be a substitute for the oath of the declarant *and* her cross-examination by the State. *Higgs,* supra. Although White testified under oath outside the presence of the jury to the same facts exculpating Turner from actual participation as she had previously related to Turner's attorney, the State was unable to cross-examine her due to her invocation of the Fifth Amendment, and we do not find sufficient indicia of trustworthiness in the circumstances which we consider a substitute for that right.

Further, unlike the foregoing cases in which we upheld the admissibility of such testimony, the proffered testimony in the instant case sought not to implicate Turner, but to exculpate her. We have held that declarations to third persons regarding the defendant's role in a crime are not admissible under an exception under the hearsay rule, even though the statement is against the declarant's penal interest. *Roberts v. State*, 208 Ga. App. 64 (3) (430 SE2d 175) (1990). See also *Timberlake v. State*, 246 Ga. 488 (1) (271 SE2d 792) (1980).

3. Finally, Turner contends that the trial court erred in failing to give her requested charges on the legal principle of knowledge and that approval of a crime is insufficient to show the defendant is a party to the crime. We disagree. The record shows that the court's charge included a charge on mere presence at the scene of a crime, mere association with others committing a crime, mere suspicion of guilt, and parties to a crime. These charges cover substantially the same legal principles as those requested by Turner. "It is well settled that the trial court is not obligated to instruct the jury in the exact language requested and that, where the same principle of law is covered in another instruction, failure to give the requested charge is not error." (Citation and punctuation omitted.) *Pierce v. State*, 209 Ga.

App. 366, 368 (3) (433 SE2d 641) (1993); *Lawson v. State*, 214 Ga. App. 464, 465 (448 SE2d 14) (1994). This enumeration is without merit.

*Judgment affirmed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED MARCH 7, 1995 —
RECONSIDERATION DENIED MARCH 28, 1995 —

*White & Bloodworth, Michael M. White,* for appellant.

*Daniel J. Porter, District Attorney, R. Keith Miles, Assistant District Attorney,* for appellee.