A99A2323. BAKER v. THE STATE.
(527 SE2d 266)

ELDRIDGE, Judge.

Omar Baker challenges the Whitfield County Superior Court's denial of his motion for new trial, which followed his January 1999 jury trial and conviction for child molestation.[1] We affirm.

The undisputed facts are as follows: In February 1997, Baker had sexual intercourse with a 15-year-old girl, C. W.; Baker was 21 years old at the time. C. W. became pregnant and had an abortion. A few months later, before C. W.'s sixteenth birthday, Baker and C. W. again had sexual intercourse. C. W. became pregnant again and gave birth to Baker's child in May 1998.

After the sexual activity was reported to police, both Baker and C. W. gave statements to investigating officers which admitted the above facts.[2] Baker was subsequently indicted and convicted of child molestation. His motion for new trial was denied, and he appeals. *Held*:

1. (a) In his first assertion, Baker contends that the trial court erred in admitting hearsay evidence of a similar transaction. The transaction at issue involved Baker's sexual relationship with a 13-year-old girl, T. W., in March 1992, when Baker was 16 years old. During the investigation of that case, police officers interviewed T. W.; she told them that she and Baker had engaged in sexual intercourse the night before.[3] When the police questioned Baker, he also admitted that he had sexual intercourse with T. W. However, by the time of this 1999 child molestation trial, T. W. could not be located by officers investigating this case.

During the similar transaction hearing, the State offered a police officer's testimony about statements T. W. made to her during the 1992 investigation. Baker objected to the testimony on the basis of hearsay. The State moved to admit the evidence under the necessity exception, showing that it had issued a subpoena for T. W.; that the

---

[1] Under OCGA § 16-6-4 (a), a person commits child molestation "when he or she does any immoral or indecent act to . . . any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person."

[2] The voluntariness of Baker's statements to police is not challenged in this appeal.

[3] The police officer interviewed T. W. while she was at a hospital emergency room being treated for injuries allegedly inflicted by her stepfather when he found out that she had spent the previous night with Baker.

subpoena could not be served in spite of a diligent search; that investigators searched but could not locate T. W. in Whitfield County; that they ran a Georgia driver's license check and criminal background check on T. W. and did not find her; and that investigators tracked down T. W.'s relative in Kentucky, but the relative did not know where T. W. lived. See OCGA § 24-3-1.

The trial court found that the State had proved that the police testimony about T. W.'s statements met the threshold requirements for the use of hearsay under the necessity exception, i.e., necessity and a particularized guarantee of trustworthiness. *Moore v. State*, 207 Ga. App. 412, 417 (2) (427 SE2d 779) (1993); see also *Holmes v. State*, 271 Ga. 138, 139 (2) (516 SE2d 61) (1999) (physical precedent only). For the purpose of demonstrating necessity,

> [u]navailability depends upon a showing that the party seeking admission of the hearsay made diligent efforts to find the absent witness and bring the witness to court. The evidence showed that investigators exerted conscientious and repeated efforts to locate her. [Baker] has made no showing that the trial court abused its discretion in deeming the witness unavailable.

(Citations omitted.) *Jay v. State*, 232 Ga. App. 661, 663 (2) (503 SE2d 563) (1998). See also *Holmes v. State*, supra; *Wilbourne v. State*, 214 Ga. App. 371, 373 (2) (448 SE2d 37) (1994); *Adams v. State*, 191 Ga. App. 16, 17 (2) (381 SE2d 69) (1989).

Once the proponent of the hearsay establishes the declarant's unavailability, it must also demonstrate that the evidence is "relevant to a material fact and that the statement is more probative on that material fact than other evidence that may be procured and offered." (Citation and punctuation omitted.) *Clark v. State*, 271 Ga. 6, 10 (5) (515 SE2d 155) (1999). See also *Holmes v. State*, supra; *Chapel v. State*, 270 Ga. 151, 155 (4) (510 SE2d 802) (1998). In this case, the evidence was clearly relevant to the issue of whether Baker committed child molestation by having sexual intercourse with an underage female. See Division 1 (b), infra. Further, the trial court found that the evidence was more probative than prejudicial, and there was apparently no other evidence of Baker's relationship with T. W. other than his own admissions. The trial court properly determined that the police testimony was necessary.

After the trial court examines all three prongs of the test to determine necessity, it "must then examine whether the hearsay statement is surrounded by particularized guarantees of trustworthiness." (Citation and punctuation omitted.) *Clark v. State*, supra at 10 (5). See also *Higgs v. State*, 256 Ga. 606 (351 SE2d 448) (1987). In

this case, the trial court found that the truthfulness of the statement was not in dispute, since it was corroborated by Baker's own admissions during the 1992 investigation and again at trial that he had a sexual relationship with T. W. *Moore v. State*, supra at 417 (2). Therefore, "[t]he admission of this evidence did not violate his rights under the Confrontation Clause, since there were particularized guarantees of trustworthiness." Id.

Accordingly, the trial court did not err in finding that police testimony about T. W.'s 1992 statement was admissible under the necessity exception to the hearsay exclusion.

(b) Then, after hearing all of the evidence regarding the relationship between T. W. and Baker, the trial court properly found that it qualified as a similar transaction. *Williams v. State*, 261 Ga. 640, 641 (2) (409 SE2d 649) (1991); see also *Wilson v. State*, 210 Ga. App. 705, 708 (2) (436 SE2d 732) (1993) ("Sexual molestation of . . . teenagers, regardless of sex or type of act, is sufficient similarity to make the evidence admissible. [Cits.]"); *Moore v. State*, supra at 414 (1) (a). There was no issue as to whether Baker was the perpetrator, and Baker conceded that the transactions were, in fact, similar. At trial, the trial court instructed the jury that the evidence was to be considered only as to Baker's mode of operation, state of mind, and lustful disposition. There was no error.

2. Baker also challenges the sufficiency of the evidence presented on the issue of whether he possessed the requisite intent to be convicted of child molestation, i.e., acting "with the intent to arouse or satisfy the sexual desires of either the child or the person." OCGA § 16-6-4 (a).

> On appeal[,] the evidence must be viewed in a light most favorable to the verdict, and appellant no longer enjoys a presumption of innocence; moreover, on appeal this court determines evidence sufficiency, and does not weigh the evidence or determine witness credibility.

(Citations omitted.) *Grant v. State*, 195 Ga. App. 463, 464 (1) (393 SE2d 737) (1990). See also *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). In evaluating the sufficiency of the evidence, "the relevant question is whether . . . *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. [Cit.]" (Emphasis in original.) Id. at 319.

The evidence presented at trial included the testimony of C. W., Baker, investigating police officers, and family members. Both C. W. and Baker admitted that they had engaged in sexual intercourse before C. W. turned sixteen years old and that such intercourse resulted in two pregnancies. However, Baker testified that he had

"strong feelings" for C. W. and, on appeal, argues that his intercourse with C. W. was an "act of love." According to Baker, this allegedly demonstrates that he did not have the requisite intent for child molestation. He cited no authority for this proposition.

In contrast, the State demonstrated intent at trial by showing that, in addition to impregnating C. W. twice, Baker also had sexual intercourse with T. W. in 1992. He knew both C. W. and T. W. were underage when he was having sex with them, that such acts were against the law, and that he could go to jail.

> Whether the requisite intent for child molestation existed was a question of fact, to be determined by the jury after considering all the circumstances surrounding the acts of which the accused is charged, including words, conduct, demeanor, and motive. Also, in child molestation cases[,] evidence of other similar or connected sexual offenses against children is admissible to corroborate the testimony of the victim as well as to show the lustful disposition of the defendant. Thus, in considering whether [Baker] had the requisite intent to molest the second victim, the jury was authorized to consider incidents concerning the first victim.

(Citations and punctuation omitted.) *McGarity v. State*, 224 Ga. App. 302, 304 (2) (480 SE2d 319) (1997). Determinations regarding witness credibility are solely within the jury's purview. OCGA § 24-9-80. "As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld." (Citations and punctuation omitted.) *Jones v. State*, 226 Ga. App. 420, 423-424 (3) (487 SE2d 56) (1997). As the jury's conclusion that Baker possessed the requisite intent was supported by sufficient evidence, this Court will not disturb such finding. *Jackson v. Virginia*, supra.

*Judgment affirmed. Blackburn, P. J., concurs. Barnes, J., concurs in judgment only.*

DECIDED DECEMBER 20, 1999.

*Michael A. Corbin*, for appellant.
*Kermit N. McManus, District Attorney*, for appellee.