A03A2519. HOLMES v. THE STATE.
(593 SE2d 932)

ADAMS, Judge.
Melissa G. Holmes was tried before a jury and convicted of burglary. On appeal she contends that the court erred by refusing to admit certain evidence and that she should have been tried jointly with her co-indictee.

Holmes and Barry Lee Davis were jointly indicted for burglary of a friend's home while he was on vacation. The incident occurred on and between May 1 and July 8, 2001. Holmes was tried on May 6, 2002, and the jury returned a verdict on May 7. She was sentenced to fifteen years: three years incarceration followed by twelve years of probation.

1. Prior to trial, Holmes told the court that she intended to introduce a letter that she had received from Davis, in which Davis claimed to be solely responsible for the burglary. Davis was present,

but Holmes told the court that Davis would be invoking his right to remain silent regarding the letter. The court indicated that it was concerned that the letter lacked sufficient indicia of reliability. The court noted that the letter was purportedly written in February 2002, whereas the alleged incident occurred in early summer 2001.

After the State rested, Holmes made a proffer of the evidence. She called Davis to the stand, and Davis invoked his Fifth Amendment right to not testify. Holmes then testified that she had been dating Davis for over one year, that she had received letters from him in the past, that she had many opportunities to observe his handwriting, and that she was familiar with his handwriting and could recognize it. Holmes identified the letter in issue as having Davis's handwriting and signature and stated that she received the letter in the mail. She also identified the envelope in which the letter came and identified Davis's handwriting on the envelope. She testified that neither she nor anyone acting at her instruction had contacted Davis and asked him to write the letter. She testified that she had not altered the letter and that upon receipt she had immediately called her lawyer to come get it. In the letter Davis purportedly admits to committing the crime "without the help or knowledge of [Holmes]."

On cross-examination, Holmes testified that she loved Davis and that he loved her, and she revealed several other letters that Davis had allegedly written to her. On redirect, Holmes identified two of these letters and their envelopes as having been written by Davis to her. These letters were submitted as a part of the proffer. After a full discussion of the issues presented, the court disallowed the evidence.

"It is the long-standing rule in this state that declarations to third persons to the effect that the declarant and not the accused was the actual perpetrator are, as a rule, inadmissible. [Cits.]" *Wilson v. State*, 271 Ga. 811, 814 (4) (525 SE2d 339) (1999). This is so even though the statement is against the declarant's penal interest. *Turner v. State*, 216 Ga. App. 896, 899 (456 SE2d 241) (1995). But, under exceptional circumstances, when the declaration is both reliable and necessary, it is admissible. *Drane v. State*, 265 Ga. 255 (455 SE2d 27) (1995). See also *Green v. Georgia*, 442 U. S. 95 (99 SC 2150, 60 LE2d 738) (1979); *Chambers v. Mississippi*, 410 U. S. 284, 302 (93 SC 1038, 35 LE2d 297) (1973). Defense counsel must "make a proffer in which the reliability and necessity of the hearsay evidence are thoroughly set out, and the trial court's ruling must reflect consideration of the proffered evidence and a determination that the evidence does or does not show 'persuasive assurances of trustworthiness,' or was made under circumstances providing considerable assurance of its reliability." *Wilson*, 271 Ga. at 815 (4). "[A] trial court faced with such an evidentiary question should analyze the question in the manner customarily employed when any hearsay evidence is proffered under

the 'necessity' exception codified in OCGA § 24-3-1 (b)." (Footnote omitted.) *Turner v. State*, 267 Ga. 149, 154 (476 SE2d 252) (1996).

The State concedes that the evidence was critical to the defense and therefore necessary. But the State argues that the trial court was within its discretion to conclude that the letter was not authentic or reliable. We agree.

The only evidence that the letter was written by Davis came from Holmes's own testimony. The only evidence that the letter was mailed and received by Holmes came from her, as well. No independent witness authenticated the letter. No handwriting expert testified, nor did Holmes compare the handwriting with a properly authenticated sample of Davis's handwriting. Finally, Holmes had a motive to create the letter and the other similar letters.

Even if the letter were authentic, there is no reason to conclude that its contents were reliable. Davis and Holmes were indicted for the same crime and they were lovers. Davis could be motivated to lie by his feelings for Holmes. Also, the fact that Davis refused to testify is inconsistent with a letter in which he confesses to the crime. Davis had been violent to Holmes, for which she had not forgiven him. He could have been motivated to lie for that reason as well.

In addition, the letter was inconsistent with the facts of the case. A woman's menstrual pad was found in the male victim's trash can. And after the burglary, Holmes had possession of at least one of the stolen items. There was also testimony that Holmes told an acquaintance that she was staying at the victim's house during the time that he was on vacation.

"Hearsay admitted pursuant to the necessity exception must have 'particularized guarantees of trustworthiness,' that is, it must be 'coupled with circumstances which attribute verity to it.'" (Citation omitted.) *Turner*, 267 Ga. at 154. We conclude that the trial court did not abuse its discretion by concluding that the evidence did not establish that the letter was authentic and reliable. See, e.g., *McCulley v. State*, 273 Ga. 40, 41-42 (2) (a) (537 SE2d 340) (2000) (trial court did not abuse discretion by disallowing two letters by deceased co-indictee where there were insufficient guarantees of trustworthiness).

2. Holmes also contends that the trial court erred by not trying Holmes and co-indictee together without a motion or order severing the trial of the defendants. Holmes failed to raise this argument below, and we know of no right to be jointly tried with all co-indictees. See also OCGA § 17-8-4 (for noncapital crimes, trial court has discretion to try co-indictees together or separately). This contention is without merit.

*Judgment affirmed. Andrews, P. J., and Barnes, J., concur.*

DECIDED FEBRUARY 3, 2004.

*Karen E. Beyers*, for appellant.

*Daniel J. Porter, District Attorney, Dan W. Mayfield, Assistant District Attorney*, for appellee.