### A97A1038. ROBERT v. THE STATE.
(488 SE2d 105)

Judge Harold R. Banke.

Calvin Eugene Robert was convicted of one count of possession of cocaine with intent to distribute. On appeal, he enumerates one error, raising a *Batson* challenge to the State's use of a peremptory strike against Juror 103. *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986).

The jury pool included six African-Americans. Of those, three were seated on the jury. The State used its peremptory challenges to strike the remaining three.

Finding that Robert established a prima facie case of racial discrimination under *Batson*, the trial court required the State to offer race-neutral reasons for its actions. The State explained that it struck Juror 103 because she was still in her teens and had graduated from high school only two weeks before. The court surveyed the jury and discovered a 19-year-old had been selected. After questioning her, the trial court learned that she had graduated from high school two years earlier. The court then accepted the State's reasons for striking Juror 103 as race-neutral. *Held*:

The Equal Protection Clause prohibits racial discrimination in jury selection. *Turner v. State*, 267 Ga. 149, 150 (2) (476 SE2d 252) (1996). Once the party challenging the strike establishes a prima facie case by showing that the totality of the relevant facts gives rise to an inference of discriminatory purpose, the opposing party must offer a race-neutral, clear, reasonably specific explanation for the strike. Id. at 151. The trial court's decision on whether the State rebutted the prima facie case is entitled to great deference and will not be reversed unless clearly erroneous. Id.; *Kelly v. State*, 209 Ga. App. 789, 792 (1) (b) (434 SE2d 743) (1993).

Here, the State expressed concern that Juror 103's youth and lack of experience made her less desirable as a juror. Age, under some circumstances, can be a race-neutral reason for striking a juror. *Bess v. State*, 187 Ga. App. 185, 187 (1) (369 SE2d 784) (1988). Work experience and education may also be legitimate non-discriminatory reasons for striking a potential juror. See *Parker v. State*, 219 Ga. App. 361, 362 (1) (464 SE2d 910) (1995) (physical precedent only); see *Kelly v. State*, 209 Ga. App. at 791 (1) (b). Accordingly, we cannot say the trial court clearly erred by accepting the State's rationale for its strike. See *Richard v. State*, 223 Ga. App. 98, 99 (476 SE2d 849)

(1996).

The fact that a 19-year-old was empaneled does not alter this result. The record shows she had been out of school for two years, rather than Juror 103's two weeks. Compare *Gamble v. State*, 257 Ga. 325, 329-330 (6) (357 SE2d 792) (1987).

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED JUNE 20, 1997.

*T. Michael Martin*, for appellant.

*Robert E. Keller, District Attorney, Rita B. Jackson, Assistant District Attorney*, for appellee.