S01A1197. TUMLIN v. THE STATE.

(553 SE2d 592)

HUNSTEIN, Justice.

Appellant Robert Tumlin was found guilty of two counts of felony murder arising out of the death of Cindy Carroll, two counts of aggravated assault, and burglary and sentenced to life in prison.[1] He appeals from the denial of his motion for a new trial. Finding sufficient evidence to support the verdict and no reversible error in the trial court's rulings, we affirm.

1. Viewing the evidence in the light most favorable to the verdict, the jury was authorized to find that Tumlin and Scott Holloway went to the house of Wayne Roberts to confront Roberts about a drug debt. They were both armed and attempted to gain entry by kicking in the door. Tumlin kicked the door once and Holloway kicked it a second time, causing the door to open. Tumlin, armed with a shotgun, stepped in the doorway and started shooting while Holloway shot a pistol from the porch. Roberts had heard the men approaching his home and returned gunfire. As a result, Cindy Carroll, who was at Roberts' home lying on the couch during the shooting, was struck in the head from a shotgun blast and died instantly. The shells found in her skull matched the shells from Tumlin's gun. Holloway also died on the scene and Tumlin received injuries to his back. After the shooting, Tumlin drove his truck to the home of a friend and asked him to take him to an out-of-county hospital. Tumlin left his shotgun with the friend, who removed the shells and cleaned blood from the gun.

The evidence adduced at trial was sufficient to enable a rational trier of fact to find Tumlin guilty beyond a reasonable doubt of the charged crimes. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61

---

[1] The crimes occurred April 12, 1999. Tumlin was indicted by the Hall County grand jury on May 27, 1999 and tried before a jury on May 22-26, 2000. On May 26, 2000 he was sentenced to life imprisonment for the felony murder of Cindy Carroll with aggravated assault as the underlying felony, ten years concurrent for the aggravated assault of Roberts and a concurrent ten year term for the burglary charge. The charges of felony murder with burglary as the underlying felony and aggravated assault on Carroll merged with the conviction for felony murder with aggravated assault as the underlying felony as a matter of law. Tumlin's motion for new trial, filed June 13, 2000 and amended on February 16, 2001, was denied February 23, 2001. A notice of appeal was filed on March 1, 2001. The appeal was docketed in this Court on May 10, 2001 and submitted for decision on briefs on July 2, 2001.

LE2d 560) (1979).

2. Tumlin contends the State was guilty of misconduct by reading law to the jury during closing argument in violation of *Conklin v. State*, 254 Ga. 558 (10) (b) (331 SE2d 532) (1985). Even assuming, arguendo, that the State's citation to an appellate court opinion, which was immediately interrupted by an objection sustained by the trial court, was improper, we find no reversible error. The trial court ultimately charged the jury on the same principle of law to which the State referred in its closing statement. See *Kirkland v. State*, 271 Ga. 217 (3) (518 SE2d 687) (1999). Moreover, the evidence of Tumlin's guilt was overwhelming and it is highly unlikely that the State's conduct in closing argument contributed to the verdict. Accordingly, under the circumstances of this case we find that any error in the State's conduct was harmless. See id.

3. Tumlin contends the trial court erred in failing to give his requested charge on guilt by association. We disagree. The record demonstrates that the court gave the pattern jury charges on mere presence at the scene of a crime and parties to a crime. As these charges cover substantially the same principles of law in the requested charge, there was no error. See *Mainor v. State*, 259 Ga. 803 (2) (387 SE2d 882) (1990); *Turner v. State*, 216 Ga. App. 896 (3) (456 SE2d 241) (1995).

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 1, 2001.

*Summer & Summer, Daniel A. Summer*, for appellant.

*Lydia J. Sartain, District Attorney, Gregory E. Radics, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Madonna M. Heinemeyer, Assistant Attorney General*, for appellee.