## S02A0391. NICHOLS v. THE STATE.
### (563 SE2d 121)

SEARS, Presiding Justice.

Appellant Marlo Nichols appeals her convictions for murder and related crimes,[1] claiming the trial court erred in refusing to give a requested jury charge on voluntary manslaughter. Having reviewed the record, we conclude that no evidence existed to support such a charge, and we affirm.

1. The evidence introduced at trial showed that an argument broke out in a nightclub parking lot between appellant, her ex-lover Williams, and Williams' wife, Gibson. The argument escalated into a brawl, and Gibson struck appellant in the face. Appellant then retrieved a gun and fired it at Gibson. Gibson was unhurt, but a bullet fired by appellant hit and killed a nightclub patron as he exited the club.

Construed most favorably to the verdict, the evidence was sufficient to enable a rational trier of fact to conclude that appellant was guilty of felony murder, aggravated assault, and illegal firearm possession.[2]

2. Appellant claims the trial court erred by refusing to give a requested jury charge on voluntary manslaughter. A voluntary manslaughter charge is warranted "only if there is evidence that [an accused] 'act[ed] solely as the result of a sudden, violent, and irresistible passion resulting from serious provocation sufficient to excite such passion in a reasonable person.' "[3] The evidence at trial showed that appellant was prompted to fire the fatal shot after fighting with Williams and Gibson. However, fighting prior to a homicide "does not constitute the type of provocation that would warrant a charge of vol-

---

[1] The crimes occurred on March 15, 1997, and appellant was indicted on September 26, 1997 for malice murder, felony murder, two counts of aggravated assault, and two counts of illegal firearm possession. A jury trial was held on March 12-14, 2001, and appellant was convicted of felony murder, two counts of aggravated assault, and one count of illegal firearm possession. One count of aggravated assault was merged with the felony murder conviction, and appellant was sentenced to life imprisonment for felony murder, a consecutive ten year sentence for aggravated assault, and a concurrent five year sentence for illegal firearm possession. Appellant moved for a new trial on April 13, 2001, and that request was denied on October 10, 2001. The transcript was certified by the court reporter on May 31, 2001. Appellant's notice of appeal was timely filed on October 16, 2001, and the appeal was submitted for decision by this Court without oral argument.

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] *Brennon v. State*, 253 Ga. 240, 241 (319 SE2d 841) (1984), quoting OCGA § 16-5-2.

untary manslaughter."[4] There being no evidence to illustrate the existence of provocation before the fatal shot was fired, the trial court did not err by refusing to charge the jury on voluntary manslaughter.[5]

*Judgment affirmed. All the Justices concur, except Hunstein, J., who concurs in Division 1 and in the judgment.*

DECIDED APRIL 29, 2002 —
RECONSIDERATION DENIED JUNE 7, 2002.

*George M. Plumides*, for appellant.

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Amira AbuBakr Arshad, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Tammie J. Philbrick, Assistant Attorney General,* for appellee.

---

[4] *Byrd v. State*, 257 Ga. 36, 37 (354 SE2d 428) (1987).
[5] *Byrd*, 257 Ga. at 37.