## A05A1251. BENSON v. THE STATE.
(620 SE2d 441)

SMITH, Presiding Judge.

Billy Benson was charged with possession of methamphetamine and found guilty by a jury. Following the denial of his motion for new trial, he appeals. Benson contends the trial court erred in refusing to give two of his written requests to charge. We do not agree and affirm.

The evidence presented at trial showed that officers from the East Metro Drug Enforcement Team (EMDET), a team from the Walton County Sheriff's Department, and federal DEA agents executed search and arrest warrants at a house in Monroe where Donald Murphy resided. Officers had previously made a controlled buy of methamphetamine from Murphy. The officers knew that Murphy had been indicted in South Carolina for conspiracy to traffic methamphetamine between that state and Georgia and believed that he was selling methamphetamine at his residence. When the warrants were executed, Murphy and his girlfriend were at home alone. The officers searched the house and seized, bagged, recorded, and secured evidence they found, including methamphetamine, marijuana, pills, drug paraphernalia, various weapons, and U. S. currency.

About three to four hours after the warrants were executed, only four officers remained at the residence. The evidence had been collected and bagged, and one officer was in the kitchen recording evidence on property receipts, when Benson entered the house through a back door and entered the kitchen. The officers immediately put him on the floor and immobilized him. As the officers rolled Benson over to search his pockets after securing him, they discovered a hollow pen casing and a small bag of methamphetamine underneath him. He was arrested and charged with possession of methamphetamine.

1. Benson first contends that the trial court erred in refusing to give his requested charge number two, on mere presence. We do not agree.

At the charge conference, Benson requested that the trial court give a variation on the pattern charge on mere presence. The pattern charge provides:

> A jury is not authorized to find a person who was merely present at the scene of the commission of a crime at the time of its perpetration guilty of consent in and concurrence in the commission of the crime, unless the evidence shows, beyond a reasonable doubt, that such person committed the alleged crime, helped in the actual perpetration of the crime, or participated in the criminal endeavor.

Suggested Pattern Jury Instructions, Vol. II, § 1.43.30. This charge is not applicable to the facts of this case. Benson was not present at all when Murphy's crimes were committed, and he was not charged with those crimes. The quantity of methamphetamine found in Murphy's home amply supported a trafficking charge against Murphy. But the jury was authorized to find that the evidence discovered on the kitchen floor could not have belonged to Murphy, because officers testified that if the drugs found under Benson had been on the floor before Benson arrived they would have noticed them. Benson was charged only with possession of methamphetamine because the quantity found underneath his body clearly was for personal use.

Furthermore, even if the requested charge were applicable, the trial court gave the jury the pattern charge on guilt by association, which the Georgia Supreme Court has held covers the same principle of law. *Tumlin v. State*, 274 Ga. 309, 310 (3) (553 SE2d 592) (2001). It is well established that a trial court need not instruct the jury in the exact language requested, if the same principle of law is covered. *Turner v. State*, 216 Ga. App. 896, 899 (3) (456 SE2d 241) (1995).

2. The same is true with regard to Benson's requested charge number seven, in which Benson requested the inverse of the pattern charge on inference of possession. The trial court had previously ruled that Benson was not entitled to a jury instruction on equal access because he was not the owner of the premises. The equal access principle is applicable only when the State relies on the presumption that the owner of premises is in possession of all its contents. *Jackson v. State*, 271 Ga. App. 278, 283 (609 SE2d 207) (2005). Clearly, the State was not relying on that presumption with regard to the drugs found underneath Benson. The argument that other people, including several officers, had access to the premises was simply a factual defense that could be argued by Benson. Because the State did not rely on the ownership presumption, it follows that Benson was not entitled to a charge on equal access. Id.

Benson then requested that the trial court instruct the jury on the reverse of the presumption, i.e., that because he did not own the premises and did not live there, the presumption would be that the drugs were not his. The trial court properly ruled that although the requested charge was an interesting exercise in logic, no authority for

this sort of reverse presumption exists in the law. The defense conceded as much at the charge conference. Indeed, such a charge could serve only to mislead the jury. The drugs were found directly under Benson's body in an area that had been cleared of drugs before his arrival. No presumption was necessary to show that Benson had possessed them. The trial court did not err in refusing to give these requested charges.

*Judgment affirmed. Ellington and Adams, JJ., concur.*

DECIDED AUGUST 18, 2005.

*John T. Strauss*, for appellant.
*W. Kendall Wynne, District Attorney, Kelly D. Kautz, Assistant District Attorney*, for appellee.