### A06A0787. MAYES v. THE STATE.
(631 SE2d 724)

SMITH, Presiding Judge.

Corey Mayes appeals from his convictions on two counts of aggravated assault, possession of a firearm during the commission of a crime, and possession of a firearm by a convicted felon. Mayes asserts the trial court erred by (1) denying his challenge to the composition of the jury under *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986), and (2) denying his request for a charge to the jury on mere presence. Finding no error, we affirm.

1. Mayes, who is African-American, contends the trial court erred by denying his *Batson* challenge to the prosecutor's use of peremptory strikes. *Batson* sets forth a three-step process for evaluating such challenges. First, the defendant must make a prima facie showing that the prosecutor has exercised the State's peremptory challenges improperly on the basis of race. Second, if such a showing is made, the burden shifts to the State to provide racially neutral explanations for the strikes challenged. Only then does the trial court determine whether the defendant "has established purposeful discrimination." Id. at 97-98.

The record shows that Mayes made a *Batson* challenge because the State used six of its seven peremptory strikes to excuse African-American jurors. The trial court found that a prima facie case was established and that the State offered explanations for its strikes. On appeal, Mayes contends the trial court should have found that "the State was discriminatory in striking jurors 15, 26, and 33."

The prosecutor explained that he struck juror 15 because she was quite young, she had no world experience, he had no rapport with her, and she worked as a police cadet. The prosecutor struck juror 26 because he was an extremely young, recent high school graduate, with no job. The prosecutor further explained that he could not establish a rapport with this juror and that the juror had no life experience to give him "a framework in which to fit a crime of this magnitude." The prosecutor struck juror 33 because this juror stated that he "just let it go" when a former roommate stole from him

because "things come around." The prosecutor explained that he was concerned that this juror would rely on "karmic justice," instead of making a decision based on the evidence.

The trial court separately found that each of these explanations was racially neutral and allowed defense counsel an opportunity to respond to the State's explanation for the strikes. After hearing from defense counsel, the trial court denied Mayes's *Batson* challenge, finding there was no "pattern of racial discrimination by the State in exercising their [sic] respective strikes."

> In reviewing the trial court's disposition of a *Batson* motion, we must bear in mind that the prosecutor's explanation need not justify a challenge for cause, but must be neutral, related to the case to be tried, and reasonably specific. The trial court's decision rests largely upon assessment of the prosecutor's state of mind and credibility; it therefore lies peculiarly within a trial judge's province. The trial court's factual findings must be given great deference and may be disregarded only if clearly erroneous.

(Citations and punctuation omitted.) *Hightower v. State*, 220 Ga. App. 165, 166 (1) (469 SE2d 295) (1996).

Viewed in this light, we find that the reasons offered by the prosecution were sufficiently race neutral to withstand the *Batson* challenge and that the trial court did not clearly err by denying it. See *Jones v. State*, 226 Ga. App. 428, 430 (1) (487 SE2d 62) (1997) (concern that juror will not seriously consider the State's evidence is neutral reason for strike); *Robert v. State*, 227 Ga. App. 26 (488 SE2d 105) (1997) (State's concern that juror's youth and lack of experience made her a less desirable juror was neutral reason for strike).

2. Mayes asserts that the trial court erred when it declined his request to charge the jury on mere presence. Mayes contends he was entitled to the charge because his "sole defense was that he was present earlier that night, but did not participate in the incident involving the victims." The trial court denied the request based on its belief that the facts of the case did not warrant a mere presence charge. The jury instruction on mere presence approved for use in Georgia provides:

> A jury is not authorized to find a person who was merely present at the scene of the commission of a crime at the time of its perpetration guilty of consent in and concurrence in the commission of the crime, unless the evidence shows, beyond a reasonable doubt, that such person committed the alleged

crime, helped in the actual perpetration of the crime, or participated in the criminal endeavor.

(Citation and punctuation omitted.) *Benson v. State*, 275 Ga. App. 180, 181 (1) (620 SE2d 441) (2005).

We find no merit in Mayes's claim that the trial court should have given this charge because Mayes's defense was that he was *not* present at the time of the crimes. "A defendant is not entitled to a jury charge on legal issues which are irrelevant, not tailored to the evidence or factually inapplicable." (Citation omitted.) *Wicks v. State*, 278 Ga. 550, 553 (5) (604 SE2d 768) (2004).

*Judgment affirmed. Ruffin, C. J., and Phipps, J., concur.*

DECIDED MAY 19, 2006.

*Carnesale & Delan, Charles C. Flinn*, for appellant.

*Gwendolyn Keyes Fleming, District Attorney, Leonora Grant, Assistant District Attorney*, for appellee.