## S09A1677. LAWRENCE v. THE STATE.

(690 SE2d 801)

MELTON, Justice.

Following a jury trial, Roosevelt Lawrence was convicted of malice murder and possession of a firearm during the commission of a crime relating to the shooting death of Mason Harper.[1] Lawrence contends on appeal that the evidence was insufficient to support the verdict, that his trial counsel was ineffective, and that the trial court erred by failing to give his requested jury instruction on voluntary manslaughter. We affirm.

1. Viewed in the light most favorable to the verdict, the record shows that, on June 29, 2006, Lawrence and his two compatriots, Justin Hendrix and Demario Garrison, set up a drug deal with Mason Harper that was scheduled to take place later that day. At the time of the purported drug deal, Lawrence and Garrison retrieved shotguns from their car, approached Harper's car, and shot him in the face and neck, killing him. At trial, both of Lawrence's accomplices placed Lawrence at the scene of the crime and provided a detailed account of the murder.

The evidence was sufficient to enable a rational trier of fact to find Lawrence guilty of all the crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See also *Frazier v. State*, 257 Ga. 690, 699 (16) (362 SE2d 351) (1987) (While a defendant may not be convicted on the uncorroborated testimony of a single accomplice, "it is well established that the testimony of a second accomplice is sufficient to corroborate that of the first.") (citation omitted).

2. Lawrence contends that his trial counsel rendered ineffective assistance by failing to cross-examine several State's witnesses and by waiving his opening statement. To prevail on a claim of ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that the deficient performance so prejudiced the defendant that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different. *Terry v. State*, 284 Ga. 119 (2) (663 SE2d 704) (2008), citing *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). If an appellant fails to meet his or her burden of proving

---

[1] On December 1, 2006, Lawrence was indicted for malice murder and two counts of possession of a firearm during the commission of a crime. Following a November 7-8, 2007 jury trial, Lawrence was found guilty of malice murder and one count of possession of a firearm during the commission of a crime. On November 8, 2007, Lawrence was sentenced to life for the malice murder plus five years consecutive for the possession of a firearm count. Lawrence filed a motion for new trial on November 21, 2007, which he amended for a third time on October 31, 2008. On December 3, 2008, the trial court denied the motion. Lawrence's timely appeal was docketed in this Court on June 24, 2009, and submitted for decision on the briefs.

either prong of the *Strickland* test, the reviewing court does not have to examine the other prong. Id. at 697 (IV); *Fuller v. State*, 277 Ga. 505 (3) (591 SE2d 782) (2004). In reviewing the trial court's decision, " '[w]e accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts.' [Cit.]" *Robinson v. State*, 277 Ga. 75, 76 (586 SE2d 313) (2003).

Here, at the hearing on Lawrence's motion for new trial, trial counsel testified that he made a strategic decision not to give an opening statement in order to "leave the door open" for him to pursue whatever strategy would turn out to be the most advantageous for Lawrence after hearing the evidence that the State would present. Such a reasonable strategic decision does not amount to ineffective assistance. See *Smith v. State*, 283 Ga. 237 (2) (b) (657 SE2d 523) (2008); see also *Polk v. State*, 275 Ga. App. 467, 470 (3) (620 SE2d 857) (2005) ("The mere waiver of an opening statement can be characterized as a trial tactic which cannot be equated to ineffective assistance of counsel.") (punctuation and footnote omitted); *King v. State*, 241 Ga. App 894, 895 (3) (a) (528 SE2d 535) (2000) (counsel's decision to waive opening statement was considered a matter of reasonable trial strategy and did not amount to ineffective assistance).

Similarly, trial counsel's decision not to cross-examine certain State's witnesses was reasonable trial strategy and did not amount to ineffective assistance. Counsel testified at the motion for new trial hearing that he felt that cross-examining the witnesses in question would not have added anything beneficial to Lawrence's defense, because it merely would have given the witnesses a chance to further implicate Lawrence with their emphasized testimony. See *Cooper v. State*, 281 Ga. 760, 762 (4) (a) (642 SE2d 817) (2007) ("The scope of cross-examination is grounded in trial tactics and strategy, and will rarely constitute ineffective assistance of counsel.") (citation and punctuation omitted). In addition, Lawrence has failed to show what favorable evidence could have been elicited from the witnesses who were not cross-examined by his trial attorney. Accordingly, Lawrence has failed to meet his burden of showing deficient performance and prejudice from his counsel's actions. *Morgan v. State*, 275 Ga. 222 (10) (564 SE2d 192) (2002).

3. Lawrence contends that the trial court erred by failing to give a jury instruction on voluntary manslaughter. However, the record fails to reveal any evidence that would support a voluntary manslaughter charge. The evidence and testimony at trial revealed that, although a gun was in the victim's car at the time of the murder, the victim did not say or do anything before Lawrence shot him, let alone do anything that would constitute the "serious provocation" neces-

sary to warrant a charge on voluntary manslaughter. *Nichols v. State,* 275 Ga. 246 (2) (563 SE2d 121) (2002) (Before a jury instruction on voluntary manslaughter is warranted, there must be some evidence that a defendant "acted solely as the result of a sudden, violent, and irresistible passion resulting from serious provocation sufficient to excite such passion in a reasonable person.") (punctuation and footnote omitted). The trial court therefore did not err by refusing to give the requested charge. Id.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 25, 2010 —
RECONSIDERATION DENIED MARCH 1, 2010.

*Mary K. Bahl*, for appellant.

*J. David Miller, District Attorney, Bradfield M. Shealy, Assistant District Attorney, Thurbert E. Baker, Attorney General, Sheila E. Gallow, Assistant Attorney General*, for appellee.