## S12A1283. MILFORD v. THE STATE.
### (729 SE2d 352)

THOMPSON, Justice.

Appellant Shaheed Milford was convicted of felony murder and armed robbery in connection with the shooting death of Sean Robinson.[1] Appellant's motion for new trial was denied, and he now appeals that decision. On appeal, appellant asserts, inter alia, the trial court violated appellant's constitutional right to confront witnesses by admitting statements made by the victim to the responding officer. For the reasons that follow, we affirm.

1. Viewed in the light most favorable to the verdict, the jury was authorized to find that on the night of the crimes appellant and his accomplice approached the victim and robbed him at gunpoint for his bicycle. After taking the bicycle, appellant saw the victim talking on his cell phone. Believing the victim was calling the police, appellant chased him down and shot him in the throat.

A witness testified that she saw appellant and his accomplice chasing the victim just prior to the shooting. The witness added

---

[1] The crimes occurred on July 18, 2010. Appellant was indicted by a Bibb County grand jury on April 19, 2011, on charges of felony murder, armed robbery, and aggravated assault. After an October 3-5, 2011 jury trial, he was found guilty of all charges. Appellant was sentenced on October 5, 2011 to life in prison on the felony murder count, ten years in prison on the armed robbery count, to run consecutively to the life term. The aggravated assault count was merged with the felony murder count under *Malcolm v. State*, 263 Ga. 369 (434 SE2d 479) (1993). Appellant filed a motion for a new trial on October 11, 2011, and an amended motion for new trial on January 27, 2012. Appellant's motion for a new trial was heard on February 8, 2012 and denied on February 15, 2012. Appellant filed a notice of appeal on February 20, 2012. The appeal was docketed to the April 2012 term of this Court and submitted for a decision on the briefs.

appellant was wearing a white shirt and carrying a handgun, and his accomplice was wearing a red shirt. Additional witnesses testified that they saw appellant, wearing a white tank top, and his accomplice wearing a red shirt, fleeing the scene.

A responding officer found the victim bleeding profusely. The victim told the officer that he had been approached by two individuals who took his bicycle at gunpoint and then shot him in the throat.

Appellant's accomplice testified that appellant robbed the victim at gunpoint, and after seeing the victim on the phone, shot him.

Appellant and his accomplice returned to the scene of the crime approximately 15 minutes later. They were recognized by numerous witnesses and apprehended by police.

The shooting paralyzed the victim, and he was no longer able to breathe without a tracheostomy tube. The victim succumbed to his injury and died several months later. The medical examiner testified that the victim "died as a result of the respiratory complications that he suffered from the gunshot wound to the neck."

We conclude the evidence was sufficient to enable any rational trier of fact to find appellant guilty beyond a reasonable doubt of the crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant claims that the trial court violated his constitutional right to confront witnesses by permitting the responding officer to testify as to what the victim told him when he arrived at the scene. The trial court did not err in admitting the now-deceased victim's statements. The statements were made to meet an ongoing emergency and were therefore non-testimonial in nature. *Philpot v. State*, 309 Ga. App. 196, 205 (709 SE2d 831) (2011). Appellant and his accomplice were armed and dangerous having just shot the victim in the throat. The statements elicited by the officer from the victim were necessary to apprehend two dangerous armed criminals on the loose. See *Michigan v. Bryant*, ___ U. S. ___ (131 SC 1143, 1167, 179 LE2d 93) (2011) (statements in the course of investigation are non-testimonial when the primary purpose of questioning is to enable police to meet an ongoing emergency).

Once a determination is made that a statement is non-testimonial, " 'normal rules regarding the admission of hearsay apply.' [Cit.]" *Thomas v. State*, 284 Ga. 540, 543-544 (668 SE2d 711) (2008). Because the victim's statements were derived solely from his personal observations, were made within minutes of the crime and were free of all suspicion, the victim's statements were admissible under the res gestae exception to the hearsay rule. OCGA § 24-3-3

("Declarations accompanying an act, or so nearly connected there-with in time as to be free from all suspicion of device or afterthought, shall be admissible in evidence as part of the res gestae").

3. Appellant claims the trial court erred by failing to charge the jury with appellant's requests to charge concerning: (a) immunity or leniency granted a witness; (b) "mere approval" of an act and "mere presence" at the scene of the crime; (c) voluntary manslaughter as a lesser included offense; and (d) causation in the context of a homicide.

(a) Appellant asserts the trial court erred by refusing to give appellant's request concerning immunity or leniency granted a witness. Because the trial court's charge covered the same principles of law as contained in appellant's request to charge,[2] the trial court did not err in failing to give appellant's requested charge. See *Tumlin v. State*, 274 Ga. 309, 310 (553 SE2d 592) (2001).

(b) Appellant also claims the trial court erred by refusing to instruct the jury that "aiding and abetting," "mere approval" of an act and "mere presence" at the scene are not sufficient to justify a conviction. Because the trial court's charge covered the same principles of law as contained in appellant's request to charge,[3] the trial court did not err. See *Tumlin*, 274 Ga. at 310.

(c) Appellant next argues the trial court erred by failing to charge the jury on the lesser included offense of voluntary manslaughter. The crime of voluntary manslaughter is committed when one kills "solely as the result of a sudden, violent, and irresistible passion resulting from serious provocation sufficient to excite such passion in a reasonable person." OCGA § 16-5-2 (a). Appellant's accomplice testified at trial that appellant took the victim's bicycle at gunpoint. Then, when appellant saw the victim on his cell phone he began chasing him, and shot him in the throat. This evidence does not show the sudden, violent, and irresistible passion required to warrant an instruction on voluntary manslaughter. Accordingly, the trial court did not err in refusing to give the requested charge. *Nichols v. State*, 275 Ga. 246 (2) (563 SE2d 121) (2002).

---

[2] The charge stated:
In assessing the credibility of a witness you may consider any possible motive in testifying if shown. In that regard, you're authorized to consider any possible pending prosecutions, negotiated pleas, grants of immunity or leniency, or similar matters.

[3] The charge stated:
The jury is not authorized to find a person who was merely present at the scene of the commission of a crime at the time of its perpetration guilty of consent in and concurrence with the commission of the crime unless the evidence shows beyond a reasonable doubt that such person committed the alleged crime, helped in the actual participation of the crime, or participated in the criminal endeavor.

(d) Finally, appellant contends the trial court erred by not charging the jury on appellant's request to charge concerning causation in the context of a homicide. Because the jury was charged correctly concerning causation,[4] the trial court did not err in refusing to give appellant's request to charge on this subject. See *Green v. State*, 266 Ga. 758, 759 (470 SE2d 884) (1996).

*Judgment affirmed. All the Justices concur.*

DECIDED JULY 2, 2012.

*Robert M. Bearden, Jr.*, for appellant.

*Gregory W. Winters, District Attorney, John A. Regan, Dorothy V. Hull, Assistant District Attorneys, Samuel S. Olens, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Clint C. Malcolm, Assistant Attorney General*, for appellee.

---

[4] The charge stated:

> And where one inflicts an unlawful injury upon the person of another, such injury may be found to be the cause of the death of the person injured whenever it shall be made to appear that the injury itself constituted the cause of death or directly materially contributed to the happening of a secondary or consequential cause of death. The burden of proof rests upon the State to prove beyond a reasonable doubt that the injury inflicted by the defendant, if any, upon the deceased was the cause of death.