FINAL COPY
309 Ga. 553

S20A0946. HEYWARD v. THE STATE.

PETERSON, Justice.

Joseph Heyward appeals his convictions for malice murder and possession of a firearm during the commission of a felony in connection with the shooting death of Frank Wilson.[1] Wilson was shot eight times, with most of the shots entering from behind. Heyward, whose sole defense at trial was self-defense, argues on appeal that his trial counsel was ineffective for failing to introduce

---

[1] Wilson was killed on October 18, 2015. In January 2016, a Chatham County grand jury indicted Heyward for malice murder, felony murder predicated on aggravated assault, aggravated assault, and possession of a firearm during the commission of a felony; the grand jury also indicted Heyward and Cierra Leeks for conspiracy to commit malice murder and conspiracy to commit aggravated assault. Leeks reached a plea deal and agreed to testify against Heyward at his October 2017 trial, at which the jury found him guilty on all counts. The trial court sentenced Heyward to serve life in prison without the possibility of parole for malice murder and a five-year consecutive term for possession of a firearm during the commission of a felony. The remaining counts merged or were vacated by operation of law. Heyward filed a timely motion for new trial in October 2017 and amended the motion through new counsel in November 2019. In January 2020, the trial court denied Heyward's motion for new trial following a hearing. Heyward timely appealed, and his case was docketed to this Court's April 2020 term and submitted for a decision on the briefs.

evidence to refute the prosecutor's statements to the jury that a person cannot claim self-defense if the victim was shot in the back. Heyward in particular claims that counsel should have elicited evidence that Wilson, in shooting Heyward's brother Antonio years earlier, was found to have acted in self-defense despite allegedly shooting Antonio in the back. But the evidence that Heyward says would have shown that Antonio was shot from behind actually shows only that Antonio had some wounds to his back; no evidence indicated whether those wounds were entry or exit wounds, or from where Wilson shot Antonio, while other evidence showed clearly that Wilson shot Antonio from the front. Because failure to elicit such equivocal evidence could not have prejudiced Heyward, we reject his ineffectiveness claim and affirm his convictions.

Viewed in the light most favorable to the jury's verdicts, the trial evidence showed the following. In December 2013, Wilson shot and killed Antonio, whose nickname was "Rell." Police investigated the shooting and determined that Wilson killed Antonio in self-defense in order to repel an attempted robbery. In 2014, a YouTube

video was posted showing Heyward wearing a sweatshirt with "#Forever Rell" printed on it, pointing a gun at the camera, and saying he was "coming" right before an image of a memorial to Antonio was displayed. Wilson later left the Savannah area to attend college.

In the early morning hours of October 18, 2015, Wilson, who had returned to Savannah, was with friends at various clubs in the City Market area. Heyward's girlfriend, Cierra Leeks, was also in the area at the time and informed Heyward by text message that she saw Wilson. Heyward told her to follow Wilson. When Heyward arrived on the scene, he was wearing a hooded sweatshirt with images in memory of his dead brother.

Wilson and Ronnell Wright were walking to a club when Wright heard gunshots behind him. Wright took cover, and heard Wilson say, "What the f**k." Having been shot in the back, Wilson began to turn around and draw his own weapon when more gun shots were fired. One witness testified at Heyward's trial that he saw the shooter continue to shoot Wilson when Wilson was on the

ground, and that the shooter walked off at a "leisurely pace" and met up with a group of individuals who did not appear surprised by the shooting. Wilson was shot a total of eight times, with most of the shots entering from behind; he died of his wounds. Some of Wilson's friends who were with him at various clubs that night testified that they did not see or hear Wilson threaten Heyward at any time.

Several police officers responded to the shooting. Upon arriving at the crime scene, Officer Brandon Thomas saw Heyward running away. Officer Thomas chased Heyward to a parking lot, where he found Heyward crouching by a car; Heyward ran again but was soon apprehended. As he was being taken into custody, Heyward said, "you ain't got s**t on me, brother, I ain't did s**t." Based on information that a gun may have been tossed behind a FedEx drop box at the scene of the shooting, police investigated and recovered a Beretta handgun with an extended magazine. A firearms examiner testified that two of the bullets recovered from Wilson's body were fired from the recovered Beretta. Although the other bullets could not be matched to the gun found at the crime scene, they were

consistent with having been fired by a Beretta.

During a custodial interview in which he waived his *Miranda*[2] rights, Heyward admitted shooting Wilson with a Beretta with an extended magazine. Heyward said that Wilson approached him in City Market, shook hands with Heyward's friend, Nathan Williams, and said to Heyward, "I killed your brother and I'll kill you too." Heyward said that he saw Wilson again later that night and that Wilson appeared to be reaching for his gun. Although he said in his interview that he was "not proud" and "not happy" about killing Wilson, Heyward was later overheard in a recorded jail phone call saying that he was "on cloud nine" when asked how he was feeling about the shooting.

At trial, Heyward called Williams to support his claim of self-defense. Williams testified that on the night of the shooting, he was sitting on a bench in City Market and Heyward was standing nearby when Wilson approached him and shook his hand. Williams claimed that when Wilson recognized Heyward, Wilson said to Heyward,

---

[2] *Miranda v. Arizona*, 384 U.S. 436 (86 SCt 1602, 16 LE2d 694) (1966).

"you better get from downtown [before] I do you like I did your brother," and revealed that he was carrying a gun.

1. Heyward does not challenge the sufficiency of the evidence, but we have independently reviewed the record and conclude that the evidence presented at trial was legally sufficient to authorize a rational trier of fact to find beyond a reasonable doubt that he was guilty of the crimes of which he was convicted. See *Jackson v. Virginia*, 443 U.S. 307, 319 (99 SCt 2781, 61 LE2d 560) (1979); see also *Walker v. State*, 301 Ga. 482, 484 (1) (801 SE2d 804) (2017) ("The jury is free to reject any evidence in support of a justification defense and to accept evidence that the shooting was not done in self-defense." (citation and punctuation omitted)).[3]

2. Heyward argues that his trial counsel was ineffective for failing to elicit testimony that Wilson shot Antonio in the back, and for failing to move to reopen the case to introduce such evidence

---

[3] We remind litigants that the Court will end its practice of considering sufficiency sua sponte in non-death penalty cases with cases docketed to the term of court that begins in December 2020. See *Davenport v. State*, ___ Ga. ___, ___ (4) (___ SE2d ___) (2020). The Court began assigning cases to the December Term on August 3, 2020.

when trial counsel realized his mistake. Heyward argues that evidence that police concluded Wilson acted in self-defense despite shooting Antonio in the back was vital to Heyward's self-defense claim because the State repeatedly argued that Heyward could not have acted in self-defense, given that he shot Wilson in the back.

To establish that trial counsel was constitutionally ineffective, Heyward "must show that trial counsel's performance fell below a reasonable standard of conduct and that there existed a reasonable probability that the outcome of the case would have been different had it not been for counsel's deficient performance." *Scott v. State*, 290 Ga. 883, 889 (7) (725 SE2d 305) (2012) (citing *Strickland v. Washington*, 466 U.S. 668 (104 SCt 2052, 80 LE2d 674) (1984)). If an appellant fails to meet his burden in establishing one prong of the *Strickland* test, we need not review the other, as a failure to meet either of the prongs is fatal to an ineffectiveness claim. See *Smith v. State*, 296 Ga. 731, 733 (2) (770 SE2d 610) (2015). In considering an ineffectiveness claim, we review a trial court's factual findings for clear error and its legal conclusions de novo. See

*Lawrence v. State*, 286 Ga. 533, 534 (2) (690 SE2d 801) (2010).

After the close of evidence and before beginning his closing argument, trial counsel acknowledged during a sidebar conference that he failed to elicit testimony about Antonio's gunshot wounds. At the motion for new trial hearing, trial counsel testified that he received documentation prior to Heyward's trial showing that Antonio had gunshot wounds to his back as a result of his deadly encounter with Wilson. Trial counsel stated that this information would have been helpful to Heyward's self-defense claim, he could have elicited this evidence from the police officer who investigated Heyward's brother's death and who testified at Heyward's trial, and it was an oversight on his part for failing to do so. Trial counsel also acknowledged that he recognized his failure at trial, and that he did not think to ask the trial court to reopen the evidence to allow trial counsel to recall the police officer. Trial counsel also testified that the same medical examiner performed the autopsies on Wilson and Antonio, so trial counsel also could have asked the medical examiner about the wounds to Antonio.

We are skeptical that testimony showing that Antonio had wounds to his back would have been admissible at all,[4] but even if it could have been admissible and trial counsel could have been deficient for failing to introduce it, Heyward has failed to establish that he was prejudiced by any deficiency. Although at the motion for new trial hearing Heyward introduced a police report summarizing the investigation into Antonio's death which indicated two wounds to Antonio's back, Heyward proffered no evidence showing that these were entrance wounds. The investigation report described that Antonio had three penetrating wounds to his left lateral abdomen, right lateral chest, and right hip; two perforating wounds to his right proximal arm and right back; and a single superficial graze to his right back. But this brief description of Antonio's

---

[4] Heyward does not explain why the evidence he claims his counsel should have offered would have been admissible, and we doubt that it would be given that the relevant issue at trial was whether the circumstances showed that Heyward acted in self-defense, not whether Wilson had on a prior occasion. To the extent that the prosecutor's suggestion that there is inconsistency between claiming self-defense and shooting someone in the back was a statement about the facts, such facts of Wilson's case are not relevant to this one. And to the extent the suggestion was a legal point, Heyward's proper remedy was to object on grounds that it misstated the law (a point on which he raises no argument in this appeal).

gunshot wounds does not show that the gunshot wounds were entrance wounds or otherwise indicate that Wilson began shooting Antonio from behind. Indeed, the investigative report shows that Wilson was in the front seat of his car when he shot behind him at Antonio, who was sitting in the back seat, when Antonio tried to rob Wilson. In contrast, the evidence here showed that Heyward began shooting at Wilson from behind. As a result, Heyward has failed to show that evidence about his brother's wounds would have benefitted his claim of self-defense, and therefore has failed to establish that he was prejudiced by trial counsel's failure to introduce such evidence. See *Barrett v. State*, 292 Ga. 160, 174 (3) (c) (1) (733 SE2d 304) (2012) ("As [the defendant] failed to show that any such evidence would have benefitted the defense, he cannot show that . . . he was prejudiced by trial counsel's not obtaining such evidence."); *Woods v. State*, 275 Ga. 844, 850 (3) (d) (573 SE2d 394) (2002) ("The failure of trial counsel to employ evidence cannot be deemed to be 'prejudicial' in the absence of a showing that such evidence would have been relevant and favorable to the defendant."

(citation and punctuation omitted)). Therefore, Heyward's ineffectiveness claim fails.

*Judgment affirmed. All the Justices concur.*


DECIDED AUGUST 10, 2020.

Murder. Chatham Superior Court. Before Judge Abbot.

*Amanda J. Walker*, for appellant.

*Meg E. Heap, District Attorney, Matthew Breedon, Assistant District Attorney; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Alex M. Bernick, Assistant Attorney General*, for appellee.